UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ARNOLD RELAFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV422-231 |
| | ) |
| WILLIAM DANFORTH, | ) |
| | ) |
| Respondent. | ) |

## **ORDER AND REPORT AND RECOMMENDATION**

*Pro se* petitioner Arnold Relaford filed the instant 28 U.S.C. § 2254 petition challenging his 2008 conviction for failure to report a change of address as a registered sex offender. *See* doc. 1 at 1. The Court directed Respondent Warden Danforth to file a response. *See generally* doc. 13. The Commissioner of the Georgia Department of Corrections, Tyrone Oliver, has moved to intervene, doc. 14, responded to the Petition, doc. 15, and moved to dismiss it, doc. 16. Petitioner has not responded to the Motion to Intervene, but has responded to the Motion to Dismiss, *see* doc. 18. Both motions are, therefore, ripe for disposition.

The Court must first address the Commissioner's Motion to Intervene. Doc. 14. The Motion informs the Court that the Respondent, William Danforth, was Perry's custodian when the Petition was filed. *See*

1

doc. 14-1 at 1; *see also, e.g.,* doc. 23 (Notice of Change of Address). However, Coffee Correctional Facility, where Relaford was incarcerated "is privately owned and operated by a corporation . . . pursuant to a contract with the Georgia Department of Corrections." Doc. 14 at 1. This Court has previously recognized that the warden of a private prison, "is an employee of the corporation running the prison, not a state employee," and that the proper respondent was the Commissioner of the Department of Corrections, as "the officer in charge of Georgia's penal institutions." *See Clemons v. Medlin*, CV114-129, doc. 9, at 1-2 (S.D. Ga. Sept. 17, 2014). The United States District Court for the Northern District of Georgia has also found that the Commissioner is the proper respondent. *See Sands v. Medlin*, 2014 WL 6791588, at *1 (N.D. Ga. Dec. 2, 2014). Moreover, Relaford's failure to respond indicates that he does not oppose the Motion. *See* S.D. Ga. L. Civ. R. 7.5. Accordingly, the Commissioner's Motion to Intervene is **GRANTED**. Doc. 14. The Clerk is **DIRECTED** to update the caption of this case to indicate that the Respondents are William Danforth, Warden, and Tyrone Oliver, in his official capacity as

the Commissioner of the Georgia Department of Corrections. *See Clemons,* CV114-129, doc. 9 at 2; *Sands,* 2014 WL 6791588, at *1.

Respondent Oliver's Motion to Dismiss points out that Relaford's Petition is more than six-years out-of-time. *See* doc. 16-1 at 3-5. Relaford's response concedes "that he is not contending the timeliness of his 28 U.S.C. § 2254 petition." Doc. 18 at 1. As the Court previously noted, he characterizes his asserted ground as a claim of actual innocence. *See id.* at 1-2. He also does not address the Respondent's argument that he has failed to bear his burden to show his entitlement to equitable tolling of the limitations period. *See* doc. 16-1 at 5-6. Since Relaford concedes that, unless his assertion of actual innocence has merit, his Petition is untimely, the Court proceeds to consider that argument.

An otherwise untimely § 2254 petition may be considered, even if the petitioner is not entitled to equitable tolling, if he can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes

3

omitted)). The actual innocence exception "is exceedingly narrow in scope," and, to invoke it, the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted)). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)).

Respondent argues that, despite his characterization of his claim as an assertion of "actual innocence," Relaford's arguments that the indictment against him was defective and that the state court lacked

jurisdiction assert, at most, a claim of legal innocence, not factual innocence. *See* doc. 16-1 at 7. Respondent is correct. As this Court, and others, have previously explained, "alleged defects in an indictment assert, at most, legal insufficiency, not the factual innocence required to avoid the time bar." *Johnson v. Bowen*, 2022 WL 17960456, at *2 (S.D. Ga. Dec. 27, 2022); *see also, e.g., Keys v. Wilkins*, 2023 WL 3449132, at*4 (S.D. Miss. Mar. 15, 2023). Similarly, the Eleventh Circuit has expressly held that the "argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse [a petitioner's] failure to file his federal petition sooner." *Jones v. Warden*, 683 F. App'x 799, 801 (11th Cir. 2017); *see also Pacheco v. Habti,* 62 F. 4th 1233, 1242-45 (10th Cir. 2023) (explaining the rationale for the "actual innocence" exception and why legal defects, including jurisdictional defects, are insufficient to invoke it). Relaford's arguments concerning his indictment and the trial court's jurisdiction, *see, e.g.,* doc. 18 at 3, are, therefore, unavailing.

As the Court previously noted, Relaford's argument relies on a somewhat complicated interpretation of the language of the statute under which he was convicted. *See* doc. 18 at 4-16. As he summarizes

5

his argument, he contends that "[t]he state charged the Petitioner, tried, convicted and sentenced the Petitioner to 30 years for becoming homeless and not telling the sheriff of the county, when O.C.G.A. § 42-1-12 had no provision of law at that time that required the Petitioner to do so." *Id.* at 16. While the Court cannot conclude that arguing that the conduct underlying a criminal conviction is not, in fact, criminal could never qualify as an assertion of "actual innocence," Relaford's characterization of his conviction is belied by the record.

Even assuming that an argument like Relaford's were sufficient to assert actual innocence, it appears that he has simply misrepresented the facts of his conviction. The Respondent has provided a copy of the state habeas court's final order. *See* doc. 17-4. In his state habeas proceeding, Relaford asserted grounds that are closely related, if not identical, to the ground he asserts here. *See id.* at 3-4 (stating that Relaford alleged "[t]he registration requirements of O.C.G.A. § 42-1-12 are unconstitutionally vague as applied to the homeless offender," and "the indictment was fatally defective and void because the indictment failed to allege where Petitioner had moved to without registering."). The habeas court rejected those grounds because, in part, "the question of the

constitutionality of O.C.G.A. § 42-1-12[ ] does not pertain to Petitioner because according to the argument and testimony presented on his behalf at trial, *he was never homeless.*" *Id.* at 5 (emphasis added). The state court explained that Relaford "testified at trial that he visited New Orleans, but he never moved there[, and] . . . that he always lived with his parents." *Id.*

Since the Georgia Supreme Court's denial of a certificate of probable cause to appeal the state habeas court's determination does not include reasons, *see* doc. 17-5, the habeas court's factual determinations are presumed correct. *See, e.g.,* 28 U.S.C. § 2254(e)(1); *see also, e.g., Stinski v. Warden, Ga. Diagnostic & Classification Prison*, 2023 WL 8801272, at *6-*7 (11th Cir. Dec. 20, 2023) (citing, *inter alia*, *Pye v. Warden*, 50 F.4th 1025, 1035 (11th Cir. 2022)). Since Relaford's argument for his actual innocence hinges on his assertion here that he was convicted for failing to report his homelessness, a presumption that he was never homeless would be fatal to that argument. Even supposing, therefore, that Relaford's construction of the statute were correct, and he were further correct that failing to report homelessness as a registered sex offender was not a crime, he would still not plausibly assert a claim

7

of actual innocence on that basis because the finding that he was never homeless would be presumed correct.

Accordingly, since Relaford concedes that his Petition is untimely pursuant to 28 U.S.C. § 2244, does not argue that he is entitled to equitable tolling of the limitations period, and he has failed to plead that he is "actually innocent," the Intervenor-Respondent's Motion to Dismiss should be **GRANTED**, doc. 16, and Relaford's Petition should be **DISMISSED** as untimely, doc. 1. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 30th day of January, 2024.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9