UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ARNOLD RELAFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV422-231 |
| ) | |
| WILLIAM DANFORTH, and ) | |
| TYRONE OLIVER, ) | |
| ) | |
| Respondents. ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 25), to which objections have been filed.[1] Since, as explained below, Relaford's Objection does not identify any fact or argument that undermines the Magistrate Judge's analysis, the Report and Recommendation is **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

As the Magistrate Judge pointed out, there is no dispute that Relaford's § 2254 Petition, challenging his 2008 conviction for failure to report a change of address as a registered sex offender, was filed more than six years after the applicable statute of limitations expired. (See doc. no. 25 at 3); see also, e.g., 28 U.S.C. § 2244(d). The Magistrate Judge proceeded to consider Respondent Oliver's arguments against

---

[1] Relaford's Objection was untimely. Objections to the Report and Recommendation were due by February 13, 2024. (Doc. no. 25 (entered Jan. 30, 2024)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Relaford's Objection was not filed until February 21, 2024. (Doc. no. 26.) This Court has no obligation to consider untimely objections. See, e.g., Willis v. Bowman, No. 4:23-cv-40, 2023 WL 3337247, at *1 (S.D. Ga. May 10, 2023). Since, as discussed below, the Objection does not alter the disposition of Relaford's Petition, the Court has considered it, notwithstanding its untimeliness.

Relaford's assertion that his untimely petition nevertheless be considered because he asserted "actual innocence." (Doc. no. 25 at 3-4.) The Magistrate Judge concluded that Relaford's claims were insufficient to assert "actual innocence," and avoid the time bar. (Id. at 4-8.)

Relaford's Objection, to the extent that it is comprehensible, disputes the Magistrate Judge's conclusion that his "actual innocence" claim fails. It asserts that his conviction was "void" because "no criminality was ever attached," because his conduct "never was a crime under O.C.G.A. 42-1-12(f)(5)." (Doc. no. 26 at 2.) He asserts that the Report and Recommendation disregarded the "merit" of his claim as "irrelevant," by concluding that the statute of limitations precluded his claim. (Id. at 3.) He requests that "the district judge . . . confirm that a 'void conviction' challenge must be done within a specified time." (Id. at 3-4.)

Relaford's Objection, while not entirely clear, is not completely incorrect. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . , or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Thus, there are at least some circumstances where a "'void conviction challenge" might not be precluded by the statute of limitations. However, "tenable actual-innocence gateway pleas are rare . . . ." Id. As the Report and Recommendation pointed out, legal defects in a conviction—whether they render the conviction "void" in a colloquial sense or not—are insufficient to assert "actual innocence." (Doc. no. 25 at 4); see also, e.g., Ray v. Mitchem, 272 F. App'x 807, 810 (11th Cir. 2008) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). The Magistrate Judge correctly pointed out that Relaford's complaints about the state court's "jurisdiction" and alleged defects in his indictment are

legal defects and do not implicate his "actual innocence." (Doc. no. 25 at 5); see also, e.g., Belsar v. Shepard, No. 1:15-CV-4147-TWT-JFK, 2016 WL 3675562, at *2 (N.D. Ga. June 8, 2016), adopted 2016 WL 3634723 (N.D. Ga. July 7, 2016) ("Petitioner is incorrect in stating that the federal limitations period does not apply to deficient-indictment or void-sentence claims.").

The Magistrate Judge then considered Relaford's argument that the conduct for which he was convicted, his failure to report a change of address when he became homeless, was not a crime under the applicable statute. (Doc. no. 25 at 5-8.) The Magistrate Judge noted that the state habeas court found that Relaford "was never homeless." (Id. at 7 (emphasis omitted)). Relaford's Objection does not dispute that finding. (See generally doc. no. 26.) As the Magistrate Judge explained, even assuming that Relaford could, somehow, avoid the conclusion that the alleged "invalidity" of his conviction was merely legal, it would remain factually incorrect. (Doc. 25 at 7-8.)

The Court, therefore, agrees with the Magistrate Judge's conclusion that Relaford's Petition is untimely and fails to assert any plausible claim that he is "actually innocent." (Doc. no. 25 at 8.) The Report and Recommendation is, therefore, **ADOPTED**. (Doc. no. 25.) The Motion to Dismiss is **GRANTED**. (Doc. no. 16.) Relaford's Petition, brought pursuant to 28 U.S.C. § 2254, is **DISMISSED** as untimely.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and

Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to **ENTER** a final judgment in favor of Respondents.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of March, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Proceedings.